## WISE, et al. vs. MOORE.

A deed made, pending a suit to Trustee for the benefit of the wife and children, to defeat the collection of such recovery as might be had in that suit, is fraudulent and void as to the judgment, recovered on that suit, whether the grantees had notice of the fraudulent intent or not.

Levy and Claim, in Butts Superior Court. Tried before Judge CABANISS, at the March Term, 1860.

This case came up for review, and was heard upon the following state of facts, as exhibited by the record, to wit:

On the 19th day of December, 1854, David A. Moore commenced an action on the case for words, in Butts Superior Court, against Henry Jester. On the 5th day of July, 1855, and whilst said action was still pending and undetermined, Henry Jester executed a deed of gift, conveying all his property, real and personal, to his brother, Benjamin Jester, in trust, for the wife and children of the said Henry Jester, and for their separate use for life; and stipulating in the deed, that the trustee should have the right to sell any of the property conveyed, by the written consent of the wife, and that he should also be "authorized to sell any part of said property, to pay all the just contracts of the said Henry Jester with all persons; and to employ any part of said property in defraying any expense in sustaining the title conveyed by the deed." Benjamin Jester accepted the trust, and the deed was duly recorded on the 6th day of July, 1855. On the 9th of December, 1856, a final judgment was rendered in said action on the case, in favor of said David A. Moore, against the said Henry Jester, for one thousand dollars damages and costs of suit. An execution issued from said judgment, and on the 24th of December, 1856, was levied on two of the negroes conveyed in the deed aforesaid, which were on the place on which Henry Jester and his wife and children lived, and which negroes were pointed out to the sheriff by Henry Jester, who at first refused to point them out. On the 2d day of February, 1857, Benjamin Jester, as trustee as aforesaid, interposed a claim to the negroes, pending which claim Benjamin Jester died, and Witt C. Wise was duly appointed trustee, and made party claimant in his

FRAUDULENT CONVEYANCE. If the party making the conveyance "was insolvent, or was left insolvent, when he made this voluntary conveyance, it was void as against the party damaged; and whether insolvent or not, was a question for the jury—the value of his homestead and exemption in his remaining estate not to be counted against him, in the absence of all evidence that he intended to apply for the same. If he was not insolvent, and the conveyance was made with intent to delay or defraud the party damaged—if it was not only voluntary, but tainted with this fraudulent intent—then the conveyance

stead. There was no evidence that the wife and children of Henry Jester knew or had any notice of any fraudulent intention actuating Henry Jester in the execution of said deed of gift.

On the trial of the claim case, the Court, amongst other things, charged the jury: "That if the deed of trust, made by Henry Jester to Benjamin Jester, was voluntary and without valuable consideration, and was made pending the suit of the plaintiff in execution, against Henry Jester, and to defeat any judgment or recovery of the plaintiff against Henry Jester, it was fraudulent and void, and notice of the fraud in a voluntary conveyance was not necessary in order to avoid it.

The jury found the property subject to the execution; and counsel for the claimant made a motion for a new trial on the grounds:

1. Because the Court erred in giving the charge aforesaid.
2. Because the verdict of the jury is against the evidence of the case, and against the weight of the evidence, and against the law of the case.

The Court overruled the motion and refused a new trial; and this decision is the error complained of in this case.

O. C. GIBSON & D. J. BAILEY, by BECK, for the plaintiff in error.

DOYAL, PEEPLES & CABANISS, for the defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

The charge given by the Court is in conformity to the rulings of this Court, and all others, upon this subject, that I know of. *Peck vs. Land.* 2 *Kelly,* 12. *Fleming vs. Townsend.* 6 *Geo.* 107. *Galt vs. Jackson.* 9 *Geo.* 157. *Clayton vs. Brown.* 17 *Geo.* 217. *Clayton vs. Tucker.* 20 *Geo.* 452. Voluntary deeds, to be protected from the operation of the 13 Elizabeth, must be *bona fide* made, and upon good consideration; if made with intent to defraud creditors they can not be either one or the other. *Rob. on Fraud—An.* 448. A deed made like this for the benefit of the wife

---

**is void as against the party damaged,** whether the grantees, being volunteers, had notice of the fraudulent intent or not; and whether such fraudulent intent existed or not, is a question for the jury to be determined by what was said at the time the deed was made, the pecuniary condition of the grantor, and all other surrounding facts and circumstances, including the testimony of the grantor himself in respect to his true intent." *Westmoreland v.* Powell, 59 Ga. 256 (4, 5), 259; Ernest *v.* Merritt, 107 Ga 61, (2), 64.

and children, and with intent to defraud creditors is void, with or without notice.

We think the evidence sufficient to warrant the charge and support the finding.

## JUDGMENT.

Whereupon, it is considered and adjudged, by the Court, that the judgment of the Court below be affirmed.