Nicol & Davidson *vs.* Crittenden.,

NICOL & DAVIDSON, plaintiffs in error, *vs.* SIMEON E. CRIT-
TENDEN, defendant in error.

1. While it is true, in general, that a man is presumed to intend the natural
and probable consequences of his own acts, it is not true that he is pre-
sumed to intend all their necessary consequences.   Consequences may be
necessary, and yet quite remote and unexpected.

2. That a given act was followed necessarily by delay to creditors, in the par-
ticular case, however strong as a circumstance to be weighed by the jury, is
not ground for presuming, as matter of law, that it was intended to have
that effect.

3. It is impossible that a sale can defraud creditors, unless it was made with
a fraudulent intent; and the nature of the intent will not be presumed as
matter of law, but must be inferred by the jury from the facts in evidence.

4. Where a sale, as to its general features, has all the elements of a complete
and absolute transmutation of property, a charge of the court, which in-
structs the jury correctly on the effect of the transaction considered in that
aspect, is not erroneous because it does not go further and lay down the law
of conditional or incomplete sales, although there may be some slight evi-
dence upon which to base such further charge, and although that evidence
may have been discussed by counsel before the jury.  The additional charge
desired should have been requested.

5. The purchaser at a sale intended to defraud creditors, if free himself from
all responsibility for the fraud, is not affected, upon afterwards discovering
the seller's fraudulent intent, even though he has not then paid the purchase
money, and the notes given for it have not passed beyond the control of
himself and the seller, it not appearing that he alone could control the notes
without the co-operation of the seller, or that the latter could have been
induced by him to cancel or surrender the notes, which were negotiable
paper.

6. An innocent purchaser does not become affected by the fraud of the seller,
though the property be attached in the purchaser's hands before it is paid
for, and before negotiable notes given for the price have passed to innocent
holders.

7. Where a sale is attacked by creditors as fraudulent, it is error for the court
to charge the jury, that if the fraudulent intent of the seller was not known
to the purchaser the transaction would be good against creditors.   To be
protected, the purchaser must be without notice or grounds for reasonable
suspicion—not simply without knowledge.

8. A charge on the effect of failure to produce evidence within the power of
a party, is sufficiently definite and intelligible when it announces the pre-
sumption of law to be, that the evidence, if produced, would be prejudi-
cial to the party.   If competent for the court to declare in what respect
and to what extent such failure would prejudice, attention should be called
to these points by a request to extend and amplify the charge.

9. It is not the province of the court, but of the jury, to determine whether the case on trial is one in which this presumption arises; the existence of the absent evidence and the ability of the party to produce it being essentially questions of fact.

10. Long credit, failure to take security, great value, and present inability of the purchaser to pay, are not so necessarily badges of fraud in a sale as that the court should so designate them, in charging the jury, without any direct request to do so. The peculiar nature and situation of the property, the want of demand for it in the general market, and the pursuits, prospects, and past relations of the parties, might render these things consistent with the theory of a fair and honest sale.

11. That counsel insisted on the distinction between legal and moral fraud, and read authorities in relation to the same, did not make it incumbent on the court to charge the jury upon that distinction, in the absence of any direct request to do so, and in the absence of any specific proposition embodying the doctrine contended for, and applying it to the present case.

12. In a contest between creditors and one claiming property as purchaser, it is not error for the court to omit to explain to the jury the effect which a colorable sale, or one not designed to pass title, would have. In the absence of a request to charge on that subject, the court is justifiable in assuming that the jury would know, without instructions, that such a sale would pass no title as against creditors.

13. There is no error apparent in the record, in the refusal of the court to dismiss the motion for new trial.

Claim. Presumption. Sale. Debtor and creditor. Fraudulent conveyance. Charge of Court. Evidence. Before Judge HOPKINS. Fulton Superior Court. October Term, 1874.

On the 2nd day of January, 1872, Nicol & Davidson sued out an attachment against H. I. Kimball for $18,000 00 on notes dated in 1870 and 1871, on the ground that said Kimball absconds. At 9½ o'clock A. M., January 3, 1872, said attachment was levied upon various items of property, real and personal, including the furniture, fixtures, etc., in the H. I. Kimball House, in Atlanta, Georgia. On the 26th day of October, 1872, judgment was rendered on the attachment against the property attached, for $14,900 20, principal, and $1,869 69, interest. S. E. Crittenden, soon after the levy, filed a claim.

During October term, 1874, said claim was tried and the property found not subject. Plaintiffs were unable to make a motion for a new trial during said term because the papers

became lost, or were mislaid, and for this reason, on motion of plaintiffs counsel, the judge passed an order permitting plaintiffs' to file their motion. trial at the next succeeding term.

On the first day of that term plaintiffs did file their motion for a new trial on the following, among other, grounds:

1st. Because the court failed to charge the jury the following legal proposition which plaintiffs' counsel, in their argument, insisted on as a legal rule, and read authority in support of—the court, on concluding the charge given, not asking or requesting counsel on either side if they had any further charge to request, to-wit: "Every man is presumed to intend the necessary consequences of his act, and if an act necessarily delays or defrauds creditors, then the law presumes that it is done with a fraudulent intent."

2d. Because the court, having charged as follows, to-wit: "It is said that Kimball, at one time, was owner of this property; that he purchased it, and afterwards sold it to the claimant, Crittenden, and that after that sale the attachment in this case was levied. Look to the testimony to ascertain whether when the attachment was levied Kimball was the owner of the property in dispute. If you find from the testimony that at one time he was the owner, then did he subsequently sell it to Crittenden, the claimant? Look to the testimony and see if there was a contract between Kimball and Crittenden by which Kimball sold this property to Crittenden. If that occurred, and the furniture or property of which Kimball was owner was sold to Crittenden, and the terms of the sale were that Crittenden was to take it and pay so much, and the sum agreed upon was indicated by notes to fall due at the times agreed upon, and the property was delivered into the possession of Crittenden, Kimball would cease to be owner and Crittenden would become owner"—failed to go further and charge the jury the law applicable to that part of the evidence tending to show that the giving of the mortgage by Crittenden to secure the purchase money of the property in dispute, was a condition precedent to the vesting of the title in Crittenden, counsel for plaintiffs, in their argument, having con-

tended that no sale to Crittenden would protect him against the creditors of Kimball until said mortgage was given, and not until Crittenden had paid for the property, counsel for claimant having contended that the giving of the notes and delivery of the property consummated the sale.

3d. Because the court failed and omitted to charge the jury the principle of law contended for by plaintiffs' counsel, that if Kimball sold the property in dispute to Crittenden, the claimant, in fraud of Kimball's creditors, and Crittenden had notice of such fraud before he paid for the property, or before the notes given for the purchase money had passed beyond Kimball's and Crittenden's control, then Crittenden would not be a *bona fide* purchaser, and the property would be subject to Kimball's creditors.

4th. Because the court failed and omitted to charge the jury, that if at the time of the levy Crittenden had not paid for the furniture, and the notes given by him had not passed into the hands of innocent holders, the property was subject to the levy.

5th. Because the court, in making the following charge, failed and omitted to incorporate the principal of law that grounds for reasonable suspicion of fraudulent intent, are equivalent to a notice of such fraudulent intent. The charge as given, is as follows, to-wit: "If the testimony discloses to you, after a careful examination of every fact and circumstance developed by the proof, that the trade was made, and that it was done on Kimball's part, with the intention of delaying or defrauding his creditors, and that intention was known to Crittenden at the time, then the trade would be void as against the creditors of Kimball, and plaintiffs would have the right to make the property subject to their debt. If, on the contrary, it was a transaction in good faith, and not for the purpose of delaying or defrauding his creditors, or if he had that intention and it was unknown to Crittenden, it would be binding as between them and good against creditors."

6th. Because the court erred in making the following charge, to-wit: "If it appears to you that upon a disputed point in

the case there is evidence peculiarly within the power of one of the parties, and it was in his power to produce it, and it is not produced, the presumption of the law is that if it had been produced it would have been prejudicial to the party thus failing to produce it," in this that it was too general and failed so to explain the principle of law as to be intelligible to the jury. The evidence showed that Kimball had made to Crittenden a bill of sale for the property in dispute, or for part of it at least; that bill of sale was not produced on the trial, and no attempt was made to account for its non-production. Plaintiffs' counsel had contended that the failure to use that bill of sale in evidence was a strong circumstance against the validity of the pretended sale from Kimball to Crittenden, and counsel for claimant, in argument, had contended before the jury that Crittenden was not supposed to possess the bill of sale, but that Shoninger, who it was claimed held Crittenden's notes and the mortgage, was the proper person to hold the bill of sale.

7th. Because the court failed to charge the jury as was contended by plaintiffs' counsel in argument, that the sale to Crittenden on so long credit was a badge of fraud. So the sale to him of so valuable property, without payment or security for the purchase money. So also the sale of so large an amount of property to one unable to pay for it.

8th. Because the court failed to charge the jury the distinction between legal and moral fraud, or fraud in fact, counsel for plaintiffs having insisted on the distinction, and read authority in support of the distinction.

9th. Because the court charged the jury as stated in the 2d ground of this motion.

10th. Because the court charged the jury as follows: "It is said if there ever was a transaction of that kind, (that is, such as was referred to in the charge of the court above quoted in the 2d ground of this motion,) it was merely colorable, that it was a fraudulent transaction, and therefore void as against plaintiffs, on the ground that they were creditors of Kimball. That is a question of fact for you to determine—ascertain

from the testimony what was the fact, and see whether it, the transaction, was void for the reason stated," and immediately following this charge, went on and gave the charge quoted in the 5th ground, failing to explain to the jury the legal effect which a colorable sale alone, or a sale not designed to pass the title, would have as to passing or not passing the title as against Kimball's creditors.

11th. Because the court charged the jury as quoted in the 6th ground of this motion, and immediately thereafter added: "Whether the facts in this case raise this presumption or not, is a question for you to decide."

The evidence is unnecessary to an understanding of the principles decided.

, The motion was overruled, and plaintiffs excepted.

In the bill of exceptions is noted an exception in behalf of the claimant to a refusal of the court to dismiss the motion for a new trial. The grounds of the motion to dismiss do not appear.

COLLIER, MYNATT & COLLIER; E. N. BROYLES, for plaintiffs in error.

B. H. HILL & SON; CANDLER & THOMSON, for defendant

BLECKLEY, Judge.

This claim involved the furniture in the H. I. Kimball House, a hotel in the city of Atlanta. The furniture was levied upon by attachment in favor of the plaintiffs, as the property of H. I. Kimball, who was confessedly once the owner, and under whom Crittenden claimed by purchase. At the time of the levy Crittenden had possession. The plaintiffs, as creditors of Kimball, attacked the sale to Crittenden on several grounds. They said, first, that it was not real but only colorable and pretended; secondly, that if real, it was fraudulent because made with intent to delay and defraud creditors; and, thirdly, that it was a conditional and not an absolute sale, and was incomplete at the time of the levy.

Nicol & Davidson *vs.* Crittenden.

The jury rendered a verdict for the claimant, and the plaintiffs moved for a new trial on many grounds, most of them relating to the charge of the court, and being complaints either of instructions given or of failure to instruct further.

We have considered and decided upon all the points made in the motion for new trial except those relating to the sufficiency of the evidence and the agreement of the verdict, or rather its disagreement, with law, equity, and the charge of the court as given. The disposition we make of the case renders it proper that we refrain from expressing any opinion on these matters.

Our rulings in the case are set out fully in the head-notes which we have prepared to embody the legal propositions which we decide. These notes sustain the court below in everything except one. We hold that the court erred in charging the jury that the purchaser would be protected against the fraudulent intent of the seller unless that intent was known to him. The Code, in section 1952, expressly prescribes another condition, which is that he should be without grounds for reasonable suspicion. And this element of invalidity was much more involved in the facts of the case than was the element of actual knowledge. The jury ought to have passed upon it, and this they were precluded from doing by the charge as given. It is impossible that the case can be fully and legally tried without scrutinizing the grounds of suspicion which the claimant may have had, and which the plaintiffs contend he did have. The jury, besides dealing with the other issues in this case, should be directed to inquire whether the debtor intended to delay or defraud creditors, and if so, whether the claimant purchased on a valuable consideration, and without notice or grounds for reasonable suspicion.

The record does not enable us to discover any error in overruling the claimant's motion to dismiss the plaintiffs' motion for new trial. Nothing is disclosed as to the grounds or reasons presented to the court and passed upon by it in acting upon the motion to dismiss. For aught that appears, the court ruled properly on the matters before it. What these matters were we

cannot tell, as we have only the bare fact that the motion was overruled, without any copy of the motion or any recital of its contents.

Judgment reversed.