JOHN G. WESTMORELAND, trustee, plaintiff in error, *vs.*, THOMAS S. POWELL, defendant in error.

1. Sections 1944 and 1952, in the same chapter of the Code, should be construed together, and, construing them together, section 1952 does not contract or limit the statute (13 Elizabeth) against fraudulent conveyances by leaving out the words "and others" after "creditors"; but, in the sense of that section (1952), aided by 1944, the relation of debtor and creditor would seem to exist so far as to make conveyances fraudulent as againt the injured party, if so in other respects, whenever "one person is liable and bound by law to pay another an amount of money, certain or uncertain."

2. A conveyance, therefore, if, fraudulent against a creditor, in the ordinary legal sense of that word, would seem to be fraudulent, also, against any person who had, at the time of the coveyance, a valid, subsisting claim for damages for a trespass upon his person or property, committed by the party making such conveyance.

3. However this may be, the statute 13th of Elizabeth, in so far as it embraced *tortfeasors* in its provisions, is still in force in Georgia, not being expressly repealed by section 1952 of the Code—nor by any other State statute.

4. If, then, this *tortfeasor* was insolvent, or was left insolvent, when he made this voluntary conveyance, it was void as against the party damaged; and whether insolvent or not, was a question for the jury—the value of his homestead and exemption in his remaining estate not to be counted against him, in the absence of all evidence that he intended to apply for the same.

5. If he was not insolvent, and the conveyance was made with intent to delay or defraud the party damaged—if it was not only voluntary, but tainted with this fraudulent intent—then the conveyance is void as against the party damaged, whether the grantees, being volunteers, had notice of the fraudulent intent or not; and whether such fraudulent intent existed or not, is a question for the jury, to be determined by what was said at the time the deed was made, the pecuniary condition of the grantor, and all other surrounding facts and circumstances, including the testimony of the grantor himself in respect to his true intent.

Debtor and creditor.    Fraudulent conveyances.    Torts. Before Judge PEEPLES.    Fulton Superior Court.    October Term, 1876.

Reported in the opinion.

Westmoreland, trustee, *vs.* Powell.

JOHN MILLEDGE; HOPKINS & GLENN; T. P. WESTMORE-LAND, for plaintiff in error.

D. F. & W. R. HAMMOND; A. C. GARLINGTON, for defendant.

JACKSON, Judge.

Willis Westmoreland committed a trespass upon the person of Powell. Powell sued him, and shortly thereafter Willis Westmoreland conveyed his house and lot in Atlanta to John G. Westmoreland for the benefit of his wife and children. The result of Powell's suit was a recovery of some two or three thousand dollars, the *fi. fa.* for which sum of money was levied upon the house and lot, which John Westmoreland claimed as trustee, and the question was, is it subject? The jury found it not subject under the charge of the court; whereupon Powell moved for a new trial, which was granted, and Westmoreland, the claimant, excepted.

1, 2. The main question is, whether the voluntary conveyance by Willis Westmoreland to his family was void as against Powell, if he was insolvent at the time, or if it was intended by him to delay or to defraud Powell, the court having charged the jury that Powell's claim on Westmoreland was not as a creditor and had little to do with the case, and having afterwards granted a new trial mainly, we suppose, on this ground, though also, perhaps, on the further ground that the verdict is against the weight of the evidence. On this latter point the record is silent, the judge having granted the new trial generally. We express no opinion on the weight of the evidence. The question turns in part on the proper construction of the Code, sections 1952 and 1944. Both sections occur in the same title of the Code and in the same chapter, the chapter being entitled "Debtor and Creditor." Section 1944 defines the relation of debtor and creditor, and extends that relation for the purposes, it would seem, of *matters embraced in the chapter*, to every case where one person is bound to pay another in law any amount of

money, certain' or uncertain. Section 1952 confines these fraudulent conveyances to creditors, leaving out the words "and others," which are in the 13 Elizabeth; but it would appear, we think, from the definition of the relation of debtor and creditor in section 1944, that the legislature did not mean, by leaving out these words, to alter the whole law as understood and enforced in England and this country for years, but they meant to treat all people as debtors who were liable as tortfeasors, or otherwise, to pay money to others. The words "liable and bound by law to pay another an amount of money, certain or uncertain," certainly are broad enough to embrace a person liable to pay for a trespass, and that before the amount of the trespass, or the extent of the damage, is ascertained; for the words are, "an amount of money, certain or *uncertain*." Construing the two sections together, we all incline to think, and I think with much confidence, that the legislature meant to extend the meaning of debtor to one who owed another for an unascertained damage to person or property, *so far as fraudulent conveyances are concerned.*

3. But however this may be, the English statute is, in none of its parts, in terms repealed by section 1952 of our Code; and it being a statute against frauds, and the section of the Code being a law against frauds, we shall not hold that it is repealed by the implication which might arise from the words "and others" being left out. If not repealed, it is by the constitution operative and binding, though it be not embodied in the Code. Code, § 5145. And this being so, the question is relieved of all difficulty.

4. It follows, from section 1952—sub-section 3—that if Willis Westmoreland was insolvent when he made the conveyance—it being voluntary, and not for a valuable consideration—the conveyance is void as against Powell's claim for damages; and this solvency or insolvency was for the jury to pass upon. We do not think, however, that he can be called insolvent, if he had plenty of property to pay his debts outside of that conveyed to his family; nor that the

part which he might have had exempted, should be counted against him when there was no evidence of any intention on his part to take exemption. He might never exercise the right, and certainly he has not, from the evidence, yet attempted it.

5. If he was not insolvent, and yet made this conveyance with the intention to delay or to defraud Powell in collecting his damages, his conveyance would still be void under the Code, § 1952, and sub-section 2, as against Powell—construing, as we do, the Code as amendatory of, and not repealing, the 13 Elizabeth. And it would be so whether the grantees had notice of the intent or not, as they are mere volunteers. A case in 31 *Ga.*, 148— *Wise et al. vs. Moore*— fully covers this principle, and this case too. The principle there decided is, that a deed made pending a suit, to a trustee, for the benefit of the wife and children, to defeat the collection of such recovery as might be made in such suit, *brought for slander*, *too*, was void, whether the grantees had notice of the fraudulent intent or not. This was before the Code, under the English statute. But it has always been the law, so far as we know, and the Code— sub-section 2, section 1952—does not alter it, but confirms it, in our judgment.

Now, whether this was the intent of Westmoreland or not, is for the jury to determine, under the facts, and all the facts. His condition at the time he made the deed, what was then said as to his object, what he himself swore as to his true intent in making it, how much he gave away, and how much he retained—all these, and such like circumstances, should be considered and weighed by them, and their verdict thereon should stand.

Inasmuch as the presiding judge has granted a new trial, probably on errors of law which he thought he committed on the trial, and which we think, too, were errors, we affirm the judgment without expressing any opinion on the case upon the facts. It is the province of the jury to find them, and with their finding—the law being properly laid before

them—all parties must content themselves.    See also, 25 *Ga.*, 684; 30 *Ga.*, 490; 56 *Ga.*, 369.

Judgment affirmed.