## ERNEST v. MERRITT et al.

1. An equitable petition brought by creditors of a husband against him and his wife, alleging a conspiracy by them to defeat his creditors by fraudulently placing in her the title to property belonging to him and justly subject to the payment of his debts, setting up divers and complicated transactions, including the making of various deeds by the husband to the wife, the object and purpose of which, according to the averments of the petition, were to accomplish the end stated, and praying that portions of the property described be decreed subject to the petitioners' claims, was not demurrable. In such a case the remedy at law would not be adequate and complete.

2. A voluntary deed executed when the grantor is insolvent is void as against existing creditors. Such a deed is likewise void as to creditors, though the grantor be not insolvent at the time of making the deed, if his purpose in so doing is to hinder, delay, or defraud creditors ; and this would be true whether the donee knew of the fraudulent intention or not.

3. One who takes a deed based on a valuable consideration, not so grossly inadequate as to suggest fraud, is not affected by an intention to defraud in the mind of the grantor but unknown to the grantee. A charge contrary to the principle just laid down is not, however, in a given case, cause for new trial, when the evidence demanded a finding that the grantor's fraudulent intention was in fact known to the grantee.

4. When a conspiracy between a husband and wife to defraud his creditors has been established, evidence of declarations made by him while the conspiracy was pending, and tending to show the intent to defraud, are admissible against the wife ; especially so when the husband remains in possession of the property which his creditors are seeking to subject and which he had conveyed to her.

5. On the trial of a case of the nature above indicated, evidence of admissions by the wife tending to establish the fraud of the husband and her knowledge of and connivance in the same is, of course, admissible against her.

Argued February 16, — Decided March 17, 1899.

Equitable petition. Before Judge Felton. Bibb superior court. April term, 1898.

The petition of R. A. Merritt and W. E. Sherwood against A. M. Ernest, Laura A. Ernest, A. C. Ernest, and Kate C. Ernest, alleged, in brief, that A. M. Ernest was indebted in stated sums to the petitioners respectively as holders of judgments against him upon promissory notes, Merritt being the holder of one of the judgments and Sherwood of others, and that returns of nulla bona had been entered on executions issued therefrom ; that at the time of the creation of the indebtedness he had large means and credit and was in possession of valuable real estate, and the

notes were taken upon the faith of the property he then owned and his believed solvency, and without notice or knowledge that he was disposing of his property to members of his family as hereafter stated; that just prior to the making of the notes he began conveying, and soon after finished conveying to these members of his family all the property he owned, leaving himself entirely insolvent; and that the conveyances were not for a valuable consideration, but were for the purpose of hindering, delaying, and defrauding creditors and placing the property beyond their reach. Here followed allegations from which it appeared that several of these conveyances were to Laura A. Ernest, his wife, and one of them to A. C. Ernest, his son; that the property conveyed to the son was afterwards conveyed by the latter to Kate C. Ernest, the son's wife; that the conveyances recited a consideration of five dollars and natural love and affection; that one of the conveyances to Laura A. was made subject to a bond for title from A. M. to a certain land company, and another was made subject to mortgages executed by him; that she afterwards sued the land company for the purchase-money of the land to which the bond for title related, and in settlement of the suit took a conveyance from the company to a part of that land; and that she took up the mortgages given by her husband, and executed in lieu of them defeasible deeds to the property, taking bonds for title from the persons to whom the deeds were made. The petition further alleged, that Laura A., A. C., and Kate C. Ernest, in taking the conveyances made to them, did so with knowledge of the fraudulent intention of A. M. Ernest, and fully participated therein; that the assumption by Laura A. of the mortgages referred to was no adequate consideration, and was a part of the scheme of placing the property beyond the reach of his creditors; that petitioners apprehended that a part of the scheme was for her to default in the payment of interest upon the indebtedness assumed by her, and for the property to be sold under power of sale as provided in the deeds given by her, and thus further complicate the title and prevent creditors from reaching the same; that if these devices were allowed to prevail, the property would pass into the hands of innocent

purchasers and the petitioners would be remediless; that the remedy of paying up the holders of such debts was not available to petitioners, because the title was not in A. M. Ernest, but in Laura A., and petitioners could not subject the property without a litigation on the equity side of the court. Waiving discovery, petitioners prayed that the defendants be enjoined from further incumbering the property; that a receiver be appointed to take possession of it and collect the rents, issues, and profits and apply the same to the mortgage indebtedness, and that petitioners have a verdict and decree finding the property subject to their debts, and that it be sold, and the proceeds, after paying the mortgage indebtedness, be applied to the payment of the judgments held by petitioners.

There was a demurrer on the following grounds: No equity. Complete remedy at common law. Misjoinder of plaintiffs, and of defendants. The petition is multifarious; it seeks to set aside the title of different defendants to separate parcels of property, without community of interest on their part in the same; the plaintiffs have no community of interest in the subject-matter of their several claims; and Laura A. Ernest had no concern with the alleged transactions between A. M. and A. C. Ernest. The demurrer was overruled. A. M. Ernest and Laura A. Ernest answered, denying the allegations as to fraud and conspiracy, and as to insolvency of A. M. at the time the deeds in question were made. The trial resulted in a verdict for the plaintiffs as to a part of the property conveyed to Laura A., and she moved for a new trial. The motion was overruled, and she excepted.

The motion alleged that the verdict was contrary to law and the evidence; and that the court erred in admitting in evidence testimony of J. W. Johnson, as follows: "About three years ago A. M. Ernest was talking to me, and said he had to take care of himself and family, and he had to put his property somewhere so as to defeat his creditors; and if he did not they would get possession of it." Also testimony of George Dillard, as follows: "About three or four years ago I and A. M. Ernest were disputing about some titles, and Ernest said he did not own anything now, that he had put it out of his name,— he

said to keep his creditors from getting hold of it, or something like that." These statements were made after Ernest had made deeds to his wife conveying the property in dispute, and in her absence. The testimony was objected to on the grounds, that she was not bound by statements made by her grantor in her absence after the deeds were delivered, that the testimony was irrelevant, and that no particular piece of property was specified. Also, error in admitting in evidence the testimony of J. W. Johnson, that Laura A. Ernest said "Mr. Ernest made these deeds to her to keep his creditors from pressing him, and to give him time." Movant objected on the ground that the statement testified to did not specify any particular parcel of property.

Also, that the court erred in charging: (*a*) "The party who takes a deed for love and affection only acquires whatever right the grantor in the deed has, and subject to all the outstanding equities the grantor has, or charges that may be against the grantor." (*b*) "Even though there was a valuable consideration to support that deed in part, if the value of the land was disproportioned to the amount of money he owed his wife, and in making the conveyance he conveyed her so much more property than the debt he owed her, and he did it for the purpose of hindering, delaying, or defrauding his creditors, whether Mrs. Ernest knew it or not, her title would be void and her deed should be cancelled." (*c*) "The rule of law is, that a man can not make a gift of property to his wife, whether she knows or not of his intention, if he has at the time an intention to hinder or delay or defraud his creditors, whether by that act he renders himself insolvent or not."

*Hardeman & Moore*, for plaintiff in error.
*Kibbee & Crump* and *Hardeman, Davis & Turner*, contra.

LITTLE, J. The headnotes preceding this opinion do not seem to require elaboration at our hands. To the first of these notes the case of *Conley* v. *Buck*, 100 *Ga.* 187, is directly applicable. The second is supported by two cases heretofore adjudicated by this court. The first is that of *Wise* v. *Moore*, 31 *Ga.* 148; the second is that of *Westmoreland* v. *Powell*, 59 *Ga.* 256. If it should be said that these cases were decided anterior to the

adoption of our present code, the reply is, that the case of *Westmoreland* was decided in 1877, under the provisions of the code then in force.   By reference to the Code of 1873, in force in 1877, it will be found that the provisions of that body of laws were the same as now found in our Code of 1895.   Code of 1873, § 1952, par. 1, 2 and 3.   The case of *Westmoreland* must be held as an explanation of the law on this subject as found in the Code of 1895.   The third headnote is supported by the second sentence of paragraph 2, § 2695, Civil Code.   The principle stated in the fourth headnote is elementary law.   1 Gr. Ev. § 3 ; 3 Ib. § 94.        *Judgment affirmed.   All the Justices concurring.*