MAY *et al. v.* LEVERETT *et al.*

No. 6407.   SEPTEMBER 26, 1928.

*Clement E. Sutton,* for plaintiffs.

*Homer Legg, Burnside & McWhorter,* and *B. F. Walker,* for defendants.

BECK, P. J.   Mrs. Mabel G. May and W. R. Groves, as executors of the last will and testament of Mrs. Frances Coleman, deceased, brought suit against Mrs. Julia Leverett individually, and against B. S. Florence and G. C. Leverett as administrators of the estate of Thomas J. Leverett, deceased, for the purpose of cancelling a certain deed executed by Thomas J. Leverett to Mrs. Julia Leverett, his wife.   It was alleged by plaintiff that the deed in question, which was executed on August 28, 1922, was void as against Mrs. Frances Coleman, who was a creditor of the grantor, for the reason that it was made with the intention to hinder, delay, or defraud the grantor's creditors.   The jury upon the trial of the case returned a verdict in favor of the defendants.   The plaintiffs made a motion for new trial, which was overruled, and they excepted.

■   The original motion for new trial in this case consists of the usual general grounds.   In the first ground of the amendment to the motion error is assigned upon the following charge of the court:   "Now, gentlemen of the jury, as to whether or not the deed in question was voluntary, that is, without consideration, and

that at the time of its execution T. J. Leverett was insolvent, or whether or not the conveyance by T. J. Leverett to Mrs. Leverett was made with intention to delay or defraud or hinder creditors, and, if so made, as to whether or not such intention was known to Mrs. Leverett at the time she took, are all questions for your determination. If you find that those facts concur as to the purpose to delay or defraud creditors, and that such intention to delay or defraud, if any, was known to Mrs. Leverett, then that would vitiate the deed of T. J. Leverett to his wife, Mrs. Julia Leverett. If the transaction was not made either with the intention to hinder or defraud, or, if so made, if such intention was not known to Mrs. Leverett, or if the transaction was bona fide on a valuable consideration and without ground for reasonable suspicion, it would be valid." This charge was error in view of the issues made by the evidence in the case. Considering all of the evidence and the deductions which the jury were authorized to make from it, an issue of fact was made for decision by the jury as to whether the deed was voluntary and whether made with intent to delay or defraud creditors. A voluntary deed, executed when the grantor is insolvent, as was held in the case of *Ernest* v. *Merritt,* 107 *Ga.* 61 (32 S. E. 898), is void as against existing creditors. And "such a deed is likewise void as to creditors, though the grantor be not insolvent at the time of making the deed, if his purpose in so doing is to hinder, delay, or defraud creditors; and this would be true whether the donee knew of the fraudulent intention or not." In the case of *Westmoreland* v. *Powell,* 59 *Ga.* 256, it was said: "If he was not insolvent, and the conveyance was made with intent to delay or defraud the party damaged—if it was not only voluntary, but tainted with this fraudulent intent,—then the conveyance is void as against the party damaged, whether the grantees, being volunteers, had notice of the fraudulent intent or not." See also *Wise* v. *Moore,* 31 *Ga.* 148.

The ruling made in regard to the charge excepted to in the first ground of the motion for new trial is applicable also to the following charge upon which error is assigned in the second ground of the amendment to the motion for new trial: "On the other hand, after a clear analysis of the testimony, if you believe that the deed as referred to and described to you by the court was voluntary, that is, without consideration, but at the time of its

execution T. J. Leverett was solvent, and that he was left solvent, that is, with sufficient property to pay his debts after the deed was executed, you should find in favor of the defendant. Likewise, gentlemen of the jury, if you believe that the deed of August 28th was made on the part of T. J. Leverett with the intention to hinder, delay, or defraud his creditors, but that such intention was unknown to his wife, Mrs. Julia Leverett, you should find in favor of the defendant." Both sentences of the charge excepted to should be considered together; and so considered, it has the vice pointed out in the part of the charge disposed of in the first division of this opinion.

■ Exception is also taken to the following portion of the court's charge: "I charge you this, gentlemen of the jury: It is not necessary that the intention, if any, to delay should be coupled with the intention to defraud. The intention may be entirely honest. Fraud in this connection does not necessarily impute corrupt or dishonest motive." Even if this part of the charge be open to the criticism made by movants, that it was "confusing to the jury," it does not state any principle of law that is injurious to the plaintiffs; and no injury to them being shown, this exception presents no cause for the grant of a new trial.

■ If the deed in question was based upon "a just and honest obligation" due by the maker of the deed to the grantee, and was free from intent on the part of the grantor to hinder or delay or defraud his creditors, the deed would be valid, even though love and affection for his wife might have been also a moving cause inducing the grantor to execute the deed; and such, in effect, were the instructions given to the jury by the court in one part of the charge complained of in the fourth ground of the motion for new trial. But the court should not have charged the jury broadly, in view of all the evidence in the case and the issues made, that if they believed that the grantor executed the deed "with the purpose to hinder, delay, or defraud his creditors, but that such intention was unknown to. the grantee, and without reasonable ground of suspicion on her part, the deed would be valid." In view of the entire charge and the issues of fact involved in the case, the jury might have construed this last part of the charge to mean that the deed in question would be valid though it was voluntary and though executed with the purpose to hinder, delay, or defraud

creditors, if such intention was unknown to the grantee and there were no reasonable grounds of suspicion on her part. And this was erroneous, in view of the ruling made in the first division of the opinion.

In the 5th ground of the amendment to the motion for new trial the following charge of the court is complained of: "On the other hand, after a clear analysis of the testimony, if you believe that the deed as referred to and described to you by the court was voluntary, that is, without consideration, but that at the time of its execution T. J. Leverett was solvent, and that he was left solvent, that is, with sufficient property to pay his debts after the deed was executed, you should find in favor of the defendant." It will be observed that in this part of its instructions to the jury the court fixed the time as to whether or not the grantor in the deed should be left insolvent so as to render the deed invalid, if it was a voluntary conveyance, as of the date of the execution of the deed; and this might ordinarily be a correct test. But if, as the plaintiffs contend, there was evidence to show that though the grantor was solvent immediately after executing the deed, he at once began to transfer his property to other parties and transferred a great part of his visible, taxable property to his wife, and in other ways placed his property out of the reach of his creditors, and that in view of these facts the execution of the deed, in case it was a voluntary conveyance, was a part of a scheme to hinder, delay, or defraud his creditors, then the deed would be void, even though the conveyance of the property by the deed in question did not render the grantor insolvent. Suppose that one in debt forms the intention to hinder, delay, and defraud his creditors, and, as a part of a scheme to do so, conveys one fourth of his property by voluntary conveyance to his wife, and the other three fourths are sufficient to meet the claims of his creditors, and immediately afterwards, in completion of the scheme which he had formed, conveys the greater part of the remainder of his property, some of it by voluntary conveyances and some for a valuable consideration, and by these conveyances, executed after the first voluntary conveyance, puts practically all of his property beyond the reach of his creditors, or puts it where they would be delayed and hindered in reaching it, we are of the opinion that the first voluntary conveyance would be invalid, though in itself it did not render the grantor

210

insolvent. The part of the charge which we have last quoted above shuts out entirely from the consideration of the jury the question as to whether or not the conveyance immediately under attack in this case was part of a scheme to hinder and delay creditors; and we think, therefore, that it was error to give it without some qualification.

It follows from what we have said that the judgment of the court ·below refusing a new trial must be reversed.

*Judgment reversed. All the Justices concur.*