YORK *v.* STONECYPHER *et al.*

.No. 10867. NOVEMBER 15, 1935.

*Holden & Smith, Joseph T. Davis, Bynum & Frankum,* and *Wheeler & Kenyon,* for plaintiff.

*R. C. Ramey* and *Robert McMillan,* for defendants.

RUSSELL, Chief Justice. John York filed suit on a note executed by V. T. Stonecypher, Vaughn Stonecypher, and J. R. Stonecypher, and in aid thereof instituted an equitable action against J. R. Stonecypher and his wife, Mrs. Mollie Stonecypher, praying that two deeds made by J. R. Stonecypher to his wife be canceled so far as petitioner's claim was concerned, and that the defendants be enjoined from altering the status of the property pending the determination of the case. The jury found in favor of the validity of the deeds attacked. The plaintiff's motion for new trial was overruled, and he excepted. The petition alleged that V. T. Stonecypher was dead, and his estate insolvent; that Vaughn Stonecypher was insolvent; that the deeds attacked, if allowed to stand, would leave J. R. Stonecypher insolvent; that one of the deeds recited a "false" consideration of $250, and the other a "false" consideration of $1881.50; that these deeds were void and were made and received solely for the purpose of preventing petitioner from collecting his debt against J. R. Stonecypher; and that Mrs. Mollie Stonecypher entered into this scheme with her husband and colluded with him, and was undertaking to

aid him to hide his property from his creditors. The answer of the defendants admitted the allegation that "the making of the two deeds, if allowed to stand, rendered and made the said J. R. Stonecypher insolvent," but denied that the conveyances were executed with any fraudulent intent, or that the consideration stated therein was false. It appeared from evidence of the plaintiff that both deeds were executed by J. R. Stonecypher to his wife within a short time after he had been notified that suit would be filed by plaintiff on the note involved in this case, and that on October 26, 1932 (the date of one of these deeds), J. R. Stonecypher executed two other deeds to near relatives, one to a brother and one to a daughter. Stonecypher admitted that the deeds executed to his wife, brother, and daughter conveyed all his property, and that he was entirely insolvent. Both husband and wife testified that about thirty years ago she loaned him $500 which she obtained from her father's estate; and that he used this money in the purchase of real estate in Burton, Georgia, which was later sold and some of the proceeds invested in property conveyed by one of the deeds attacked in this suit; and that in good faith he conveyed to her the property by these deeds in settlement of his debt to her. She testified that she loaned him $500 additional to that just referred to, which also she received from the estate of her father. J. H. Derrick testified: "Mrs. Mollie Stonecypher is my sister. I wound up my father's estate, and Mollie got $500 out of it the first time. That was about thirty years ago. Then we sold a piece of property about four or five years ago for $5000, and she got one ninth of that."

The motion for new trial assigns error on the following excerpts from the charge to the jury: (1) "The court instructs you, that if it was not the intention of the husband, the grantor in the deeds, that is the intention of J. R. Stonecypher, to delay or defraud his creditors, the transaction will be valid, and you should find for the defendants in this case." (2) "The court further instructs you that if it was the intention of the husband to delay or defraud his creditors, and if such intention was not known to the wife and she took the conveyances from her husband without notice of his intention or ground for reasonable suspicion, then the conveyances would be valid, although it was the intention of the husband to delay or defraud his creditors." (3) "I charge you that

even if it appears to you from the evidence that Mrs. Mollie Stonecypher knew that her husband was in debt and could not pay all his debts, I charge you that that alone would not void these deeds, but it would be necessary for the evidence to show, whether directly or circumstantially, that she took these deeds for the purpose of hindering, delaying, or defrauding the other creditors of her husband." The assignments of error are based on the proposition that such instructions withdrew from the jury's consideration the movant's contention on the trial that the deeds attacked were void as to the plaintiff in execution, irrespective of fraudulent intent, if executed without consideration and if such conveyances left the grantor insolvent.

1. "Instructions to the jury should be confined to the issues made by the pleadings in the case. *Martin* v. *Nichols,* 127 *Ga.* 705 (56 S. E. 995). Therefore a failure of the court in its charge to present to the jury a contention of one of the parties not pertinent to any issue made by the pleadings is not cause for a new trial." *Cordele Sash &c. Co.* v. *Wilson Lumber Co.,* 129 *Ga.* 290 (58 S. E. 860). "The failure of the court to give a charge unauthorized by the pleadings in the case was not error." *Hewitt* v. *Lamb,* 130 *Ga.* 709 (61 S. E. 716, 14 Ann. Cas. 300). "Where in a civil case the judge, in stating the contentions of the parties, fully and fairly submitted the issues raised by the pleadings in the case, the failure of the court, in the absence of a request, to instruct the jury upon a contention of one of the parties not raised by the pleadings, though supported by some evidence in the record, is not cause for a new trial." *McLean* v. *Mann,* 148 *Ga.* 114 (95 S. E. 985); *City of Brunswick* v. *Glogauer,* 158 *Ga.* 792 (124 S. E. 787).

2. Accordingly, in an action by a creditor against a debtor and his wife, to set aside conveyances executed by the husband to the wife, on the ground that such deeds were executed with intent to hinder, delay, and defraud creditors (the petition containing no allegation that the conveyances were voluntary), the failure of the court, without request, to instruct the jury that the deeds, if voluntary, would be void as against creditors, irrespective of fraudulent intent, provided the husband was insolvent, was not cause for a new trial, even though some of the evidence adduced may have tended to show that the deeds were without consideration. The

cases of *Ernest* v. *Merritt,* 107 *Ga.* 61 (32 S. E. 898), and *May* v. *Leverett,* 167 *Ga.* 205 (144 S. E. 778), are distinguished by their facts from the authorities cited above, in that in the cases last named the petitions alleged that the deeds attacked were voluntary conveyances.

3. Under the preceding rulings, the assignments of error in the special grounds of the motion for new trial are without merit. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*