## GARDNER v. DAY et al.

114

No. 10718.    MARCH 11, 1936.

*Hendrix & Buchanan, Clifford Hendrix, A. L. Henson,* and *Howell Brooke,* for plaintiff in error.

*Carpenter & Ellis, E. S. Griffith, O. W. Day, Madison Richardson,* and *H. C. Holbrook,* contra.

ATKINSON, Justice. A judgment was rendered on March 21, 1932, in the city court of Atlanta, for a stated amount in favor of the Murray Company against H. A. Gardner, S. L. Gardner, J. W. Day, and L. A. Alexander, doing business as Milton County Gin Company. On the same day an execution was duly issued, and was entered on the general execution docket of Fulton County on the day following. On October 8, 1932, the execution was levied upon a described lot in the town of Alpharetta as the property of H. A. Gardner. On October 24, Mrs. H. A. Gardner interposed a statutory claim to the land. On March 22, 1934, the Murray Company executed a paper acknowledging receipt of stated sums aggregating less than the amount of the execution and receipt, on March 17, 1934, of "the balance on said fi. fa., paid by the defendant J. W. Day, one of said partners." Immediately following, the paper stated further:. "At the request of the defendant, J. W. Day, the Murray Company transfers, assigns, and sets over to said J. W. Day the within fi. fa., together with all its rights, title, and interest in the within fi. fa., and all its rights, title, and interest in any and all levies made under the within fi. fa., against any and

all parties defendant in the within fi. fa., in order that he may enforce said fi. fa. against the other members of said partnership for contribution thereunder. The Murray Company makes no representation or warranty of any character as to the within execution, and this transfer is made without recourse upon it for any cause whatsoever."

■ The superior court to which the claim was returned did not err in overruling the demurrer interposed by the claimant to the application of J. W. Day to be substituted as party plaintiff, based on the grounds: "1. That the facts as alleged in said intervention do not constitute sufficient grounds to allow J. W. Day to intervene in the foregoing case. 2. Claimant demurs specially to paragraph (2) of said intervention, on the ground that a copy of the assignment and transfer was not attached to the petition of intervenor. 3. Claimant demurs to said intervention, on the ground that the fi. fa. as referred to therein was one in personam, whereby said intervenor does not have an interest in the within case, and from the facts alleged the fi. fa. has been paid. 4. Claimant demurs specially to paragraph (4) of said intervention, on the ground that the above-styled case is one in law, and that for the intervenor to be entitled to the right of contribution against the partners a petition in equity must be brought." Neither did the court err, after answer to the petition to be made party and introduction of evidence, in allowing Day to be made a party.

■ The execution showing the amount for which it was issued and the judgment upon which it was based, the amounts and dates of the prior credits, the credit "the balance on said fi. fa. paid by the defendant" Day was ascertainable from the paper and the failure to state the amount more definitely in the transfer did not void the transfer or furnish grounds for dismissing the levy.

(a) Neither does the fact that the payment of such balance was made by Day on March 17th prior to the date of the transfer on March 22d void the transfer to him for the purposes of contribution, or furnish ground for dismissing the levy.

(b) Neither does the fact that the transfer did not state that the judgment from which it was issued was transferred by the Murray Company furnish ground for dismissing the levy.

(c) The court did not err in refusing to dismiss the levy upon any of the grounds stated.

■ It was not error to admit the execution in evidence over the objections, as mentioned above, that were urged as grounds for dismissing the levy.

■ "A conveyance of property, made with the intention of hindering, delaying, or defrauding creditors, is void as against creditors. If the transaction is bona fide and on a valuable consideration, and the party taking has no notice or ground for reasonable suspicion of the intention to hinder, delay, or defraud creditors, the conveyance is valid. But if the party taking has notice of the intention of the maker to hinder, delay, or defraud his creditors, or has ground for reasonable suspicion of such intention, the conveyance is void as against the creditors of the maker." *McLendon* v. *Reynolds Grocery Co.*, 160 *Ga.* 763 (129 S. E. 65). It was erroneous to charge the jury, without qualification as to it being essential that the wife knew at the time of accepting the deed of the plaintiff's intention to defraud his creditors: "Now, gentlemen, the court instructs you that if you should believe that Mr. H. A. Gardner owned this property in his own right, and held the legal title to it as his property and not in trust for another, and if you should further believe that for the purpose of hindering, delaying, or defrauding his creditors he executed this deed to his wife, conveying the legal title to her prior to the filing of this suit, and for the further purpose stated, then and in that event the court instructs you that conveyance would be void as against the plaintiff in this case, and the property would be held subject."

■ It was erroneous to charge, without qualification: "The court repeats, gentlemen, that if you should believe that the legal and equitable title to this property was in H. A. Gardner, that he held it in his own right and as his own property and not in trust for his wife, but that thereafter he made the deed to his wife for the purpose of putting title into her to hinder, delay, or defraud his creditor, the claimant, J. W. Day, in this case, then and in that event the conveyance would be void, and Day would be entitled to proceed with his execution against the property for the collection of the proportionate amount of money which H. A. Gardner should be required to contribute to him, to reimburse him for moneys paid by him in securing the transfer of the execution and judgment to him."

■ The requested instruction, "I charge you that a husband can

prefer his wife, to whom he owes a debt, to his other creditors, he can convey to her his property in payment of the debt he owes her, even though he owes debts and is insolvent at the time such a conveyance is made, provided the debt he owes his wife is large enough in amount to constitute a sufficient consideration for the property conveyed to her," was not accurate, and left out all reference to fraud.

■ The requested instruction, "I charge you that even if Mr. H. A. Gardner conveyed property to his wife, the claimant, Mrs. H. A. (Lilly) Gardner, for the purpose of hindering, delaying, and defrauding his creditors, if his wife, Mrs. H. A. (Lilly) Gardner, did not know that it was his purpose to hinder or delay or defraud his creditors, the deed conveying such property could not be set aside on the ground that it was made by Mr. Gardner to hinder, delay, or defraud his creditors," was inaccurate in that it omitted reference to reasonable grounds of suspicion on the part of the wife.

■ The requested instruction, "I charge you that if you find from the evidence in this case that Mrs. H. A. (Lilly) Gardner paid the purchase-price of the property later conveyed to her by her husband, H. A. Gardner, even if H. A. Gardner was insolvent at the time he made the deed conveying the property to Mrs. H. A. (Lilly) Gardner, the deed would still be valid and could not be set aside on the ground that she had allowed him to retain the legal title to the property in himself," left out reference to credit having been extended on strength of his title before he reconveyed.

■ As there is a reversal of the judgment refusing a new trial on other grounds, no ruling will be made on the general grounds of the motion for a new trial.

*Judgment reversed. All the Justices concur.*