CUNNINGHAM, trustee, *v.* AVAKIAN *et al.*

No. 13644. June 16, 1941.

*F. M. Gleason,* for plaintiff.

*Rosser & Rosser* and *Shaw & Shaw,* for defendants.

Reid, Chief Justice. This is an action by the trustee in bankruptcy of Vosgan Aaron Avakian, to set aside deeds executed by the bankrupt to Julia B. Hunt. The jury returned a verdict in favor of the defendants. The plaintiff excepted to the overruling of his motion for new trial.

The judge instructed the jury to the general effect that the deeds should be set aside if they found that they were made by Avakian with the intention to delay or defraud creditors and this was known to the grantee, Julia B. Hunt, and not otherwise. The plaintiff makes the point that this was erroneous, first because it is not necessary for the grantee to have known of the intention of the debtor to delay or defraud his creditors in order for the deeds to be subject to cancellation, but it is sufficient if the grantee had reasonable ground for suspicion. It is true that a deed based upon a valuable consideration, but made with the in-

·tention to delay or defraud creditors, can be set aside at the instance of a creditor, not only if the grantee knew but if there were reasonable grounds for suspicion of the intention of the grantor. Code, § 28-201 (2); *Benton* v. *Benton,* 164 *Ga.* 541 (139 S. E. 68); *Gardner* v. *Day,* 182 *Ga.* 113 (184 S. E. 710); *McLendon* v. *Reynolds Grocery Co.,* 160 *Ga.* 763 (129 S. E. 65); *Nicol* v. *Crittenden,* 55 *Ga.* 497. The defendants in error concede this, but contend that since it was alleged in the petition that the grantee in fact knew of the intention of Avakian in making the deeds, and not merely that there were reasonable grounds for suspicion, the instruction followed the pleadings, and therefore was not erroneous as against the plaintiff. Counsel cite *New England Mutual Life Insurance Co.* v. *Childs,* 185 *Ga.* 198 (7), 203 (194 S. E. 561). In that case the judge charged the jury, in substance, that if it was the intention of both the husband and wife (grantor and grantee) to defraud the creditors of the husband, the deed should be set aside. This charge was criticized on the score that it was not necessary to show that the wife intended to delay or defraud her husband's creditors, but simply that he had such purpose and there were reasonable grounds for her to suspect it. The court said: "The language of the charge was substantially as alleged in the original petition as one ground of attack upon the conveyance, it being alleged that the deed was executed by Childs for the purpose and with the intention 'to avoid paying the indebtedness due by him to your petitioner,' which 'intention and purpose . . was known to and concurred in by' his wife, thus omitting any charge as to 'reasonable ground of suspicion' by the wife. A charge of the principle as substantially given by the judge, which omitted reference to 'reasonable ground of suspicion,' was approved in *Cowan* v. *Bank of Rockdale,* 159 *Ga.* 123 (4) (125 S. E. 194). The statute (Code, § 28-201 (2)) uses the words 'without notice or ground for reasonable suspicion,' and similar words were used in *Gill* v. *Willingham,* 156 *Ga.* 728 (6) (120 S. E. 108); *McLendon* v. *Reynolds Grocery Co.,* 160 *Ga.* 763 (129 S. E. 65). In the cir·cumstances stated above, the charge complained of was not erroneous for the reason assigned." On motion for rehearing Mr. Justice Bell dissented from this ruling. It must be admitted that this decision appears to sustain the position of counsel for defendant in error. We believe, however, upon further consideration that it is

unsound, and is in fact in conflict with the prior full-bench decision in *Benton* v. *Benton,* supra, which we appear to have there overlooked. An examination of *Cowan* v. *Bank of Rockdale,* cited in the *Childs* case as having approved a similar charge, discloses that in that case the creditor (plaintiff in fi. fa.) prevailed in the court below, and exceptions were taken by the claimant (grantee of defendant in fi. fa.) ; and while the charge quoted in the decision contained no reference to a "reasonable ground of suspicion" of the grantee (the omission of which was to the benefit of the debtor and his grantees), the exception taken by the claimant naturally did not have any reference to this point. We do not believe that it can be correctly said that the charge was approved in this respect, and accordingly do not consider that case as conflicting with our present view.

In *Nicol* v. *Crittenden,* supra, the court held that a charge which made it necessary for the purchaser from the debtor to know of the debtor's unlawful intention was erroneous; but this was a claim case, and there were no pleadings by the creditor as to the invalidity of the deed; and accordingly the ruling there made does not conflict with the decision in the *Childs* case. This is also true of *Gardner* v. *Day,* supra. However in *Benton* v. *Benton,* supra, as appears from the record on file in this court, the plaintiffs in aid of their attachment alleged that their debtor Campbell had executed a security deed to Eugene Benton, conveying all of his property real and personal not otherwise encumbered; that this deed was made by Campbell "for the purpose of hindering, delaying, and defrauding your petitioners and each of them, as well as all other creditors, . . and . . the intention and purpose of . . Campbell . . *was fully known to the defendant Eugene Benton, who conspired and confederated with . . Campbell and aided and abetted him in his efforts to carry out said intentions."* (Italics ours.) The court charged the jury, in substance, that unless Benton knew of the unlawful intention and purpose of Campbell, they would not be authorized to set aside the deed. Exceptions were taken on the ground that if Benton had reasonable grounds to suspect the intention and purpose of Campbell, the jury would have been authorized to set the deeds aside, and not only in the event that Benton actually knew of such intention and purpose. Notwithstanding the allegations in the petition of knowl-

edge and conspiracy, such as are also made in the present case, the court distinctly ruled that the charge was erroneous, although further ruling that it was cured of its fatal omission by other parts of the charge. The general rule is that the plaintiff must recover, if at all, on the case made by his pleading, and he can not recover where the evidence fails to support the cause declared on, even though a different cause of action may appear from testimony admitted without objection. *Mayor &c. of Montezuma* v. *Wilson,* 82 *Ga.* 206 (9 S. E. 117, 14 Am. St. R. 150); *Lea* v. *Harris,* 84 *Ga.* 137 (10 S. E. 599); *Loyd* v. *Anderson,* 119 *Ga.* 875 (47 S. E. 208); *Lowry National Bank* v. *Fickett,* 122 *Ga.* 489 (50 S. E. 396). In a case of the present character when it is alleged that the grantee of the debtor actually knew of and conspired with the debtor in his purpose to delay or defraud his creditors, proof which would merely go. to show that there were reasonable grounds for the grantee to suspect the purpose and intent of the debtor does not, in our opinion, constitute a material departure from the cause of action as alleged, within the above rule. That there were grounds for suspicion of the intention and purpose of the debtor must be taken as reasonably comprehended in the charge that the grantee knew of and conspired with the debtor in such illegal purpose and plan. Accordingly we can but reach the conclusion that the criticism of the charge is meritorious. It is contended that this error was cured by the giving of the correct principle in another part of the charge, as in the *Benton* case, supra. We do not deem it necessary to pursue this question, since a new trial must be had for other distinct errors in the charge.

The plaintiff contends that the charge was erroneous for the further reason that it deprived him of the right to have the deeds set aside if they were voluntary and were made while the debtor was insolvent, or rendered him insolvent, or, if not insolvent, were made by the debtor with the intention of delaying or defrauding his creditors, irrespective of whether the grantee, being a volunteer, had notice of the fraudulent intent or not. Counsel for defendants in error concede the correctness of the principles contended for (see *Westmoreland* v. *Powell,* 59 *Ga.* 256; *Citizens & Southern National Bank* v. *Kontz,* 185 *Ga.* 131 (5), 194 S. E. 536; *May* v. *Leverett,* 167 *Ga.* 205, 144 S. E. 778), but insist that the case made by the pleadings was not predicated upon the theory that the deeds were

voluntary, and further that the evidence demanded a finding that the deeds were based upon a consideration. Counsel cite *York* v. *Stonecypher,* 181 *Ga.* 435 (182 S. E. 605). The substance of the ruling there announced was that an allegation, in a petition brought by a creditor to set aside a deed, that the consideration recited in the deed was "false" did not constitute an allegation that the deed was voluntary, and accordingly that the judge did not err in omitting to give to the jury instructions applicable in such cases to voluntary conveyances. But that ruling has no application here, for there is no mere charge that the recited consideration in the deeds was "false," but it is distinctly alleged that *no* consideration passed between the parties. Nor do we think that the evidence demanded a finding that the deeds were based upon a consideration. While the defendants so testified, and there was no direct evidence to the contrary, the proved facts and circumstances in regard to this and other transactions between the parties were such that the jury would have been amply authorized to reject the testimony of the defendants and find that the deeds were in fact voluntary. *Lankford* v. *Holton,* 187 *Ga.* 94 (9) (200 S. E. 243). It is true that the plaintiff alleged that the deeds were voluntary, that they were made with the intention to delay or defraud creditors, that this fact was known to the grantee, and that the defendant debtor was insolvent; but it was not necessary for the jury to find that all of these allegations were true in order to find for the plaintiff. "Where a party alleges more than is necessary to entitle him to recover, his case does not fail if he proves a sufficiency of the averments to show the defendants liable, although he does not prove every relevant fact alleged. *Christian* v. *Columbus & Rome Ry. Co.,* 90 *Ga.* 124 (5) (15 S. E. 701) ; *Western Union Tel. Co.* v. *Owens,* 23 *Ga. App.* 169 (2), 171 (98 S. E. 116)." *Orr* v. *Dawson Telephone Co.,* 35 *Ga. App.* 560 (133 S. E. 924) ; *Kelly* v. *Locke,* 186 *Ga.* 620 (198 S. E. 754). Accordingly, if the deeds were found to be voluntary and the defendant debtor insolvent, the plaintiff was entitled to have them set aside, irrespective of whether it be found that they were made with the intent to delay or defraud creditors and that the grantee knew this fact or had reasonable grounds for suspicion. So also if the deeds were found to be voluntary and made with the intent to delay or defraud creditors, the plaintiff was entitled to have them set aside, even though the debtor was solvent, and irre-

spective of whether the grantee knew or had reasonable grounds to suspect his intention. The judge's charge as we read it, and upon which error is assigned as indicated, effectively eliminated these principles from the case; and this error requires the grant of a new trial. *Judgment reversed. All the Justices concur.*