RICHARD HOBBS, plaintiff in error, vs. WILLIAM L. DAVIS, defendant in error.

1. The lien of a landlord upon the property of his tenant for rent does not attach as against a purchaser from the tenant until the issue of a distress warrant, except upon the crop made upon the premises.

2. A purchase, *bona fide* made, by a creditor from his debtor, who is in failing circumstances is not fraudulent, simply because the consideration of the purchase is the debt due, and a promissory note, *bona fide* given at the time, for an overplus in the price agreed to be paid above the debt due.

Landlord's lien. Distress warrant. Purchaser. Debtor and creditor. Sales. Before D. H. POPE, Esq., Judge *pro hac vice.* Dougherty Superior Court. April Term, 1873.

Richard Hobbs rented a store-house in Albany, Georgia, to Joseph L. Raine, for the year ending October 1st, 1870. On August 1st, 1870, Hobbs sued out two distress warrants against said tenant, one for $450 00, rent due, and the other for $225 00, rent not yet due. Levies were made upon a stock of goods which was claimed by William L. Davis.

It is presumed that the two cases were tried together, though the record is silent upon this point.

The claimant relied upon a purchase made of said stock before said distress warrants were issued. Raine was indebted to him between $1,500 00 and $2,500 00. He canceled this debt, and paid him about $250 00 surplus. Raine was insolvent at the time of the sale.

The jury returned a verdict for the claimant. Whereupon the plaintiff moved for a new trial upon the following grounds:

1st. Because said verdict is contrary to the following charge: "If said sale was made with intent to delay and defraud, and said intent was known to the purchasing creditor, it was void. A *bona fide* transaction upon a valuable consideration, and without notice, or grounds for reasonable suspicion, is valid."

2d. Because the Court erred in refusing to charge as follows: "The landlord, when he rents a store, had a lien on the goods in the store for his rent as against a purchaser of those goods, from the beginning of the contract."

3d. Because the Court erred in charging as follows: " The landlord's lien begins only from the levy of the distress warrant."

The motion was overruled, and the plaintiff excepted.

HINES & HOBBS, for plaintiff in error.

WILLIAM E. SMITH; R. F. LYON, for defendant.

McCAY, Judge.

1. We do not think that, even at the common law, or under any English statute before we adopted the English law, the landlord had a lien on his tenant's property, as against a purchaser from him, during the term. But even if this were so, our law regulates their rights very differently. The lien of the landlord, except on the crop, does not commence until his distress warrant issues: R. Code, sec. 2260.

2. Without question, there are suspicious circumstances attending this transfer of the goods to Davis, and had the jury found the transaction fraudulent, we would not have interfered. But it is equally true that the affair *may* have been honest. If Davis tells the truth, (and the jury had a right to believe him,) it was an honest transaction. Nor is it illegal to do as Davis says he did. One has a right, under our law to buy, in good faith, of a debtor in insolvent circumstances, and pay in a debt due from the insolvent to the purchaser, if it be in truth a purchase; if it be not a mere scheme to get the effects away from the creditors ; if there be no trust or reserve of any surplus to the debtor's benefit. That, in addition to the purchaser's debt, the purchaser gives something more, either in money or in his own note, does not alter the case. There must be some interest left to the debtor in the property ; some reservation inconsistent with a true sale ; some hiding or cloaking of the surplus, so as to cover it up for the benefit of the debtor or his family. Here, if Davis tells the truth, the sale was complete ; the goods were delivered, the debt canceled, and a note given for the bal-

ance, a fixed sum, which Davis was bound to pay, notwithstanding future losses. It was as much a sale as though he had paid the money in full. Whether the intent was to defraud creditors, was for the jury. If they believed Davis, there was no such intent. Davis was as much a creditor as the plaintiffs, and the defendant had a right, under our law, to sell to him, and thus pay him in preference to others: Irwin's R. Code, 1943.

Judgment affirmed.