OGLESBY, trustee, *v.* WALTON & COMPANY *et al.*

In a proceeding to set aside a sale of a stock of goods because made to defraud creditors, where the pleadings did not ask for a judgment for the difference between the value and the price paid, and where the judge charged the provisions of the Civil Code, § 2695, par. 2, a new trial will not be granted because of his failure, without a request, to charge as to the effect of inadequacy of consideration, — the inadequacy, if any, not being sufficient to manifest fraud as a matter of law, and the verdict showing that the jury found as a fact that the purchase was bona fide and without notice of an intent by the insolvent grantor to delay or defraud creditors.

Argued May 6, — Decided June 3, 1903.   Rehearing denied June 24, 1903.

Equitable petition.    Before Judge Holden.    Elbert superior court.    December 6, 1902.

*Z. B. Rogers,* by *Slaton & Phillips,* for plaintiff.
*Joseph N. Worley,* for defendants.

LAMAR, J.    The creditors of Walton filed an equitable petition under the traders' act, to set aside a sale of his stock of merchandise to Bailey, alleging that the property was inventoried at $3,500 and sold for $1,500, much less than its value, and with intent to hinder, delay, and defraud his creditors, and that Bailey purchased with a knowledge of that intent.    Bailey answered, claiming that he paid full price, and bought in good faith, without notice of Walton's intent to defraud his creditors.    Walton having been adjudicated a bankrupt, the trustee intervened as plaintiff, and the trial proceeded without any amendment or allegation that the sale was void under the provisions of the bankrupt act.    The evidence was

conflicting. The judge charged (a) that if Walton was insolvent and made the sale for a valuable consideration, for the purpose of defrauding his creditors, and Bailey knew of that intent, they must find for the plaintiff; and (b) "If Walton did sell his stock of goods to Bailey with an intention to defraud and delay his creditors, if Bailey did not know of such intention, and had no reasonable grounds to suspect such intention, you should find in favor of Bailey." Error is assigned, because the court did not qualify this by instructing the jury that they must find that the consideration was adequate before the sale to Bailey could be sustained. The judge's charge was in substance Civil Code, § 2695 (2). The plaintiff presented no request as to effect of inadequacy of consideration; and as the consideration admitted to have been paid was not so small as to manifest fraud, the verdict must be treated as a finding that Bailey was a bona fide purchaser for value, without notice of any intention on the part of Walton to defraud his creditors. Every voluntary conveyance by an insolvent is void, whether the grantee has notice of fraudulent intent or not. There are some cases which hold that where the conveyance is to an innocent purchaser on a valuable consideration, but for considerably less than the worth of the property, in a proper proceeding by the creditors it may be treated as voluntary to the extent of the difference between the value and the price paid. 14 Am. & Eng. Enc. L. (2d ed.) 292 (6). But the pleadings and prayers of the petition must be adjusted to such an issue. It may be, as suggested in Scott v. Winship, 20 Ga. 429 (2), that the creditors would have to do equity and refund the price as a condition of their right to maintain such an equitable proceeding. The question is not raised in this case by pleadings or request to charge; and as the charge given was in the language of the code, as there was no request improperly refused, and as the errors assigned on the admission of evidence were not such as to require the grant of a new trial, we can not interfere. See Sharp v. Hicks, 94 Ga. 625 (5); Hawkinsville Bank v. Walker, 99 Ga. 242; Pool v. Gramling, 88 Ga. 653 (7); Trice v. Rose, 79 Ga. 78; Reece v. Shell, 95 Ga. 751.

Judgment affirmed. By five Justices.