FIRST NATIONAL BANK OF COMMERCE *et al. v.* McFARLIN *et al.*

ATKINSON, J. 1. "A debtor has no leviable interest in land which he has conveyed to secure a debt, until the property has been redeemed by himself or the moving creditor; and redemption can be accomplished only by repayment of the secured debt in full. In the absence of equitable ground, the mere fact that the lien of a judgment creditor, obtained against the grantor subsequently to the making of the security deed, can not be enforced by levy and sale until the grantor's title has become revested by redemption, is insufficient to subject the grantor's interest in the land as an equitable asset." *Virginia-Carolina Chemical Co.* v. *Rylee,* 139 *Ga.* 669 (3), 673 (78 S. E. 27).

2. Certain creditors obtained judgments against B in 1915. The defendant in 1904 had purchased certain land for which A had advanced the purchase-price, taking a deed directly to himself and executing a bond agreeing to convey the land to B upon repayment of the debt; and B entered into possession of the property. In 1911 B executed a contract of sale of the land to C, upon consideration of a stated sum in cash paid, and the assumption of the debt to A; but there was no change of possession. In 1914 B executed a paper purporting to convey her equity of redemption to D, which expressed a money consideration, but the only purpose thereof was to secure an existing debt owed by B to D. In March, 1915, B executed a promissory note to E, to secure which she transferred the bond for title issued to her by A. Subsequently D transferred her interest in the property to E. The conveyance by B to D was made for the purpose of avoiding payment of the debts owed to plaintiffs; a fact known to D, and also to E, at the times D received her conveyance from B and transferred her interest to E. B died in 1915, and left her husband in possession, who was collecting the rents. The land was worth a stated sum sufficient to pay the plaintiffs and all valid liens against it. *Held,* that a petition in an equitable action instituted by creditors against A, C, D, E, and the husband of B, to require all of the parties to interplead and adjust their claims in one action, and to have a receiver appointed to take charge of the property and collect rents, and to have the property sold and the proceeds applied to the claims of all parties as their interests might be determined by the decree, which alleged facts as above stated, but did not allege that A, the obligor in the bond for title, had been paid his debt, was properly dismissed on general demurrer.

*Judgment affirmed. All the Justices concur.*
APRIL 12, 1917.

Equitable petition. Before Judge Worley. Franklin superior court. November 13, 1916.

*George L. Goode,* for plaintiffs. *J. H. & Parke Skelton, S. B. Swilling, E. C. Stark,* and *W. R. Little,* for defendants.