BANK OF WAYNESBORO <em>v.</em> ELLISON <em>et al.</em>

RUSSELL, C. J.   1. Counsel for the plaintiff duly presented to the court 22 written requests for instructions, before the court began his charge to the jury. Some of these requests were properly refused for the reason that such requests did not embody accurate statements of the law; others were properly rejected because there were plainly argumentative. But far the greater number of requests correctly presented principles of law applicable to the issues in the case. However, the charge of the court as the same appears in the record so clearly and fairly set forth every contention of the plaintiff, and every principle of law applicable to the issues in the case was applied to the evidence with such clarity and directness, that the requests were properly declined. The statements of law applied in concrete form by the court to the facts of the pending case could not have misled the jury.

2. Upon a careful review and analysis of the charge of the court as a whole, in which the trial judge correctly applied the law so clearly to the concrete facts in the case before the jury as to leave them in no doubt as to the law appertaining to every pertinent issue in the case, it can not be held that the plaintiff has any cause to complain that the court charged: "Badges or evidence of fraud are of different import. Defined, they are held to be circumstances, signs, marks, or suspicions, not of themselves sufficient to authorize a finding, unless more than one combined. Evidences of fraud are either presumptive or conclusive. All presumptions become conclusions unless rebutted."

3. It was not error to charge the jury that "in this State a man has a right, if he owes two persons, to prefer which one of those persons he

---

Fraudulent Conveyances, 27 C. J. p. 613, n. 82; p. 616, n. 89; p. 626, n. 4 New; p. 843, n. 41, 42; p. 844, n. 56, 58; p. 845, n. 74.

New Trial, 29 Cyc. p. 820, n. 35.

Trial, 38 Cyc. p. 1600, n. 51; p. 1601, n. 52; p. 1615, n. 19; p. 1707, n. 98; p. 1711, n. 19; p. 1778, n. 73.

42

shall pay; and if he has two creditors and prefers one to the other, and that transaction is done in good faith, then it is binding, and he has a right to do that. The right of the debtor to prefer one creditor to another in a bona fide transaction continues up to the date when a judgment or lien is obtained against him. The mere pendency of a suit does not extinguish that right to prefer," for any of the reasons assigned in the exception thereto.

(*a*) The charge did not create an extraneous issue in the case. The controlling question in the case was the existence or non-existence of fraud in the transfer of the property as attacked by the plaintiff, and under the evidence the instruction complained of was pertinent and proper.

(*b*) Under the express terms of section 3230 of the Civil Code of 1910, a bona fide sale by a debtor of his property in payment of his debt is classified as a preference. And needs must such be the case, because, even though the creditor be amply secured, a sale by the debtor effects the collection of the debt without delay and obviates the necessity and risk of legal proceedings. In a similar case this court held: "One has a right under our law to buy, in good faith, of a debtor in insolvent circumstances, and pay in a debt due from the insolvent to the purchaser, if it be in truth a purchase; if it be not a mere scheme to get the effects away from the creditors; if there be no trust or reserve of any surplus to the debtor's benefit." *Hobbs* v. *Davis*, 50 *Ga.* 213.

4. Nor did the court err in charging the jury: "So that, gentlemen of the jury, I charge you that if you find from the evidence, that Mr. Ellison made to Mr. Whitehead's bank a deed in extinguishment of the debt that he owed it, to wit, $5390, and that was the fair market value of that property at the time of that deed and transfer, and there was no participation in any agreement or scheme by that to defraud any creditors on the part of the bank or its officials, then that would be a good transaction, and your verdict would be in that event for the defendant." Applying the principles stated in headnote 3, and construing the instruction of which complaint is made in the twenty-eighth ground of the amendment to the motion for a new trial in connection with the charge as a whole, the quoted excerpt from the charge was not subject to exception either because (a) it instructed the jury to decide the case on an issue not involved, or (b) because it made the right of election on the part of the debtor to prefer the Waynesboro Savings Bank, which held a security deed to his property, the controlling issue in the case on which the verdict should be for the defendants, when that was not the issue in the case made by the pleadings and the evidence, or (c) because the charge tended to mislead the jury as to what was the main issue in the case, or (d) because the charge was not sound as a proposition of law nor applicable to the facts or issues in the case.

5. Viewed in connection with the charge of the court as a whole, there was no error in the following instruction: "I charge you, gentlemen of the jury, that if this was an honest to God, bona fide transaction, between Mr. Whitehead or his bank and Mr. Ellison, on his part, in the execution of the absolute deed to the bank in October, 1922, and at that time $5390 was the fair market value of that property, then and in that event your verdict would be for the defendant." In other portions of the charge the court had with remarkable clearness submitted to the jury the law

as to a voluntary conveyance from husband to wife, and had most forcibly presented the legal invalidity of conveyances made with intent to hinder, delay, or defraud creditors, and that the legal result of the transaction, if any benefit was reserved to Ellison, the debtor, who was insolvent at the time, would be to totally annul and avoid the entire transaction; so that, viewed in the context, the instruction does not afford ground for reversal.

6. The instruction, "Gentlemen of the jury, when you go out, your first consideration of this case will be as to whether or not $5390 in 1922 was the fair market value of that property at that time, and whether or not the transaction and transfer by a straight deed from Mr. Ellison to the bank was bona fide, without any collusion on the part of the bank or its officers to enter into any scheme or arrangements by which to delay, hinder, or defraud creditors. Then, in that event, your verdict would be for the defendants, Mr. Ellison and Mr. Whitehead's bank," when construed in connection with the charge as a whole, is not subject to any objection.

7. The evidence authorized the verdict, and there was no error in refusing a new trial.  *Judgment affirmed. All the Justices concur.*

No. 5017. SEPTEMBER 18, 1926.

Equitable petition. Before Judge Franklin. Burke superior court. July 10, 1925.

*E. V. Heath* and *Callaway & Howard*, for plaintiff.

*William H. Fleming* and *Fullbright & Burney*, for defendants.