447

WALKER *et al. v.* MARTIN, trustee.

No. 7423.   APRIL 18, 1930.

*Rosser & Shaw* and *Norman Shattuck,* for plaintiff in error.
*C. D. Rivers* and *Wesley Shropshire,* contra.

HILL, J.   The petition of S. C. Martin, brought by him in his capacity as trustee in bankruptcy in the matter of Lucinda Lancaster, bankrupt, in the United States District Court for the Northern District of Georgia, Northwestern Division, at Rome, Georgia, complains of Mrs. Lucinda Lancaster and Mrs. Georgia A. Walker, who are alleged to be sisters, and alleges that on October 16, 1926, Mrs. Lancaster filed her voluntary petition for adjudication in bankruptcy in the United States District Court, and was in due time adjudicated a bankrupt, and plaintiff appointed and duly qualified as trustee in bankruptcy to take charge of and recover and administer the estate of said bankrupt, etc.; that on May 3, 1926, Lucinda Lancaster was indebted to the Bank of Trion in Chattooga County in the principal sum of $557, besides interest at the rate of 8 per cent. per annum from maturity, and ten per cent. attorneys fees, on a certain promissory note made by her and Cheel Lancaster to the Bank of Trion on January 15, 1925, which became due on November 15, 1925, and was past due and owing and unpaid; that defendant Lucinda Lancaster was also indebted to O. A. Selman on a certain promissory note dated February 15, 1918, for $560, with interest from date at the rate of 8 per cent. per annum, and for ten per cent. attorneys fees, and a balance of principal in the sum of $300.05; that the said defendant was also indebted to other creditors in the sum of not less than $90, past due and unpaid; that on May 3, 1926, Lucinda Lancaster executed to her sister, Georgia A. Walker, a deed to eighty acres of land in Chattooga County, then valued by both defendants at $2,000, the grantee well knowing that Lucinda Lancaster owned no other

property of value, except the land conveyed. The petition prayed for a cancellation of the deed, on the ground that it was made for the purpose of hindering, delaying, and defrauding the creditors of Lucinda Lancaster. After hearing evidence and the charge of the court, the jury returned a verdict in favor of the plaintiff, and that the deed be set aside, subject to the claims of the plaintiff. The defendants made a motion for new trial on various grounds, which was overruled, and they excepted.

1. The motion for new trial states that after having fully and completely charged the jury the law as contained in the Civil Code (1910), § 3224, so far as the same was applicable, it was the duty of the court to give the jury such portion of § 3230 as was applicable to the issue in the case, the contention being that the law of the case must be given to the jury to the extent of covering the substantial issues made by the evidence, whether requested or not, or whether the attention of the court is called thereto or not; and defendants insist that the failure of the court to so charge the jury in accordance with the provisions of § 3230 was error requiring the grant of a new trial. By reference to § 3224, and to the charge of the court as given, it appears that he did give the portions of § 3224 applicable to the case. It also appears that the court failed to give in charge § 3230, which is as follows: "A debtor may prefer one creditor to another, and to that end he may bona fide give a lien by mortgage, or other legal means, or he may sell in payment of the debt, or he may transfer choses in action as collateral security, the surplus in such cases not being reserved for his own benefit." The evidence in this case tended to show that Mrs. Lucinda Lancaster was a debtor to her sister, Mrs. Georgia A. Walker, and that the deed to Mrs. Walker was a bona fide preference by the debtor. The evidence on this point was sufficient to show an issue on that question; and we think that the court, in the present state of the record, should have given in charge to the jury the section of the code quoted or so much thereof as is applicable to the facts of the case, and that it was error requiring the grant of a new trial to omit to give the above principle in charge, although no request was made therefor. *Mobley* v. *Merchants & Planters Bank*, 157 *Ga.* 658 (122 S. E. 233).

2. The other charges complained of are substantially in the language of the code, and do not show error.

3. As the case goes back for another hearing, we express no opinion on the sufficiency of the evidence to authorize the verdict. We reverse the judgment solely on the ground of the failure of the court to give so much of Civil Code § 3230 as is applicable to the facts of this case.

*Judgment reversed. All the Justices concur.*