MONCRIEF FURNACE COMPANY *et al. v.* NORTHWEST ATLANTA BANK *et al.*

JENKINS, Justice. 1. A debtor may in good faith prefer one creditor to others by conveying property, even while insolvent, in total or partial payment of his debt, and without additional consideration, provided that such payment or credit represents the fair market value of the property or is not unreasonably disproportionate to such value; and provided that no secret trust or covert benefit, prohibited by the Code, § 28-301, is reserved to the debtor; and provided further that the intent of the debtor, known to the creditor, shall not be to hinder, delay, or defraud other creditors. *McLendon* v. *Reynolds Grocery Co.,* 160

*Ga.* 763 (1, 3, 4), 765 (129 S. E. 65); *Davis* v. *Anderson,* 1 *Ga.* 176; *Eastman* v. *McAlpin,* 1 *Ga.* 157; *Johnson* v. *Sherrer,* 185 *Ga.* 340 (3), 342 (195 S. E. 149); *Walker* v. *Martin,* 170 *Ga.* 447 (153 S. E. 41); *Bank of Waynesboro* v. *Ellison,* 162 *Ga.* 657 (3, 5) (134 S. E. 751); *Silver* v. *Chapman,* 163 *Ga.* 604, 611 (136 S. E. 914); *Reynolds* v. *Hardin,* 187 *Ga.* 40 (2) (200 S. E. 119); *Trice* v. *Rose,* 79 *Ga.* 75(a), 78 (3 S. E. 701); *Cowan* v. *Bank of Rockdale,* 159 *Ga.* 123, 126 (125 S. E. 194); *Thompson* v. *Shellman Banking Co.,* 180 *Ga.* 495 (2) (179 S. E. 75); *Dickson* v. *Citizens & Southern Bank & Trust Co.,* 184 *Ga.* 398 (191 S. E. 379); *Bigby* v. *Warnock,* 115 *Ga.* 385, 388 (41 S. E. 622, 57 L. R. A. 754); *Hobbs* v. *Davis,* 50 *Ga.* 213 (2), 214; *Carey* v. *Giles,* 10 *Ga.* 9 (5), 28, 30, 33; Notes in 36 L. R. A. 162-166, and 9 L. R. A. 643-647; 24 Am. Jur. 182-184, §§ 24-26.

(a) The rules just stated do not have application to a voluntary conveyance by an insolvent debtor; and such a deed, based on no consideration either by payment of the debt or otherwise, will not bind other creditors, and this is true irrespective of any fraudulent purpose on the part of the debtor, or any knowledge on the part of the creditor as to such purpose. *Ernest* v. *Merritt,* 107 *Ga.* 61 (2) (32 S. E. 898); *Westmoreland* v. *Powell,* 59 *Ga.* 256 (4, 5), 258; Code, § 28-201 (3).

2. In accordance with the foregoing principles, a creditor may in good faith and for a valuable consideration, as stated, take from his debtor a deed to property before another creditor obtains a judgment. Such a valid deed, even though improperly recorded or not recorded until after the judgment, will not be subordinated thereto. *Donovan* v. *Simmons,* 96 *Ga.* 340, 343, 347 (22 S. E. 966); *Griffith* v. *Posey,* 98 *Ga.* 475 (25 S. E. 515); *Jones* v. *Howard,* 99 *Ga.* 451, 457 (27 S. E. 765, 59 Am. St. R. 231).

3. Ordinarily a judgment creditor can not levy his execution on land conveyed by a prior security deed, without first redeeming the land and proceeding otherwise as required by the Code, § 39-201. Nor will equity aid such a junior judgment creditor in subjecting to his lien the property conveyed by the security deed, in the absence of a redemption or a tender of the balance due to the holder of the security deed, so as to authorize a relaxation of the general rule, unless "peculiar facts" are shown, involving established equitable principles, such as would render the remedy at law under the statute inadequate, and would authorize a grant of the equitable relief prayed. *Roach* v. *Terry,* 164 *Ga.* 421, 431 (138 S. E. 902); *Cook* v. *Securities Investment Co.,* 184 *Ga.* 544, 549 (192 S. E. 179); *Swift* v. *Lucas,* 92 *Ga.* 796 (19 S. E. 758); *Virginia-Carolina Chemical Co.* v. *Rylee,* 139 *Ga.* 669 (78 S. E. 27); *First National Bank of Commerce* v. *McFarlin,* 146 *Ga.* 717 (92 S. E. 69). See *Loftis* v. *Alexander,* 181 *Ga.* 358 (182 S. E. 2).

4. Even though other equitable principles might be involved, a junior creditor is not entitled to invoke the equitable doctrine of marshaling assets against a senior creditor, unless it be shown that its application will actually benefit the junior creditor, and also will not impair or hazard the securities of the senior creditor, or unreasonably delay their enforcement. *Behn* v. *Young,* 21 *Ga.* 207 (2), 212; *Hanesley* v. *National Park Bank,* 147 *Ga.* 96 (2), 100 (92 S. E. 879); *Denham* v. *Williams,*

39 *Ga.* 312 (3), 319; *Vance* v. *Roberts,* 86 *Ga.* 457 (3), 461 (12 S. E. 653); 18 R. C. L. 462, § 10; 38 C. J. 1367; and cit.

5. Under the preceding rulings, the petition by judgment creditors to set aside absolute deeds from the defendant debtor to the defendant creditor, who held prior security deeds to the same property, when taken as true, as must be done on general demurrer, stated a cause of action, since the petition alleged insolvency of the debtor, and the general allegations of fraud and collusion to injure creditors were supported by the additional allegation that the conveyances were voluntary and without any sort of consideration given or received.

(a) This allegation having been made, the judge would be authorized in the exercise of his sound discretion to grant a restraining order and injunction against interference by the defendant creditor with the status of the properties, except in regular course under the unattacked security deeds as to any balances legally due on the indebtedness covered thereby. But under the averments and the preceding rulings, the petition showed no ground for marshaling of assets, receivership, or accounting.　　　　*Judgment reversed. All the Justices concur.*

No. 13917.　FEBRUARY 10, 1942.

*Augustine Sams* and *Roy S. Drennan,* for plaintiffs.

*McElreath, Scott, Duckworth & Riley, C. N. Davie, Robert Wiggins,* and *Alex. McLennan,* for defendants.