SAVANNAH BANK & TRUST COMPANY *v.* MÈLDRIM, administratrix, *et al.*

766

No. 14459.   APRIL 15, 1943.

*Travis & Travis,* for plaintiff in error.

*J. Edward Way, Gazan, Walsh & Bernstein, Marvin O'Neal, William Hugh Stephens,* and *John J. Bouhan,* contra.

JENKINS, Justice.   ■   There is no merit in the bank's exception that the finding of the judge was unsupported by evidence, for the reasons that no facts were proved at the hearing, and that, as the bank contends, it did not agree to the oral recital of facts as made at the hearing by the attorneys for the petitioner in the bill of interpleader and for the county officials.   This is true for the reason

that the judge "approved and allowed" and ordered "filed as part of the record in said case" a writing signed by the attorneys for the petitioner and the county officials, containing a statement of the facts as orally recited at the hearing, which writing also contained the following statement: "At the inception of the case it was agreed that counsel for the plaintiff should state the facts to the court, and that all issues of fact and law would be considered and determined by the presiding judge without the intervention of a jury. Thereupon the following statement of facts was submitted and agreed to," after which quoted statement the facts in the case were embodied in the writing; and this "approved" writing is now contained in the certified record before this court.

■ In the administration of estates, the Code expressly gives to "any debt due by the deceased as trustee, having had actual possession, control, and management of the trust property," priority over unsecured debts. §§ 113-1508 (5, 8, 9), 108-431. Tax moneys, collected but unaccounted for by a sheriff, are entitled to such priority; and under the undisputed facts, the judge did not err in so holding in favor of the county officials.

■ The fact that a bond with security had been given by the sheriff, conditioned on the faithful performance of his duties, did not constitute any basis for compulsory election against the county officials. While it is true, under the Code, § 28-106, that "As among themselves, creditors shall so prosecute their own rights as not unnecessarily to jeopardize the rights of others; hence a creditor having a lien on two funds of the debtor, equally accessible to him, will be compelled to pursue the one on which other creditors have no lien;" and that "A case of election arises whenever a person is entitled to one of two benefits, to each of which he has legal title, but to enforce both would be unconscionable and inequitable to others having claims upon the same property or fund," and "In such cases equity may compel an election" (§ 37-501), these principles do not mean that a creditor having a priority against a fund in court can be required to relinquish his direct claim thereon, and proceed at his own additional expense with delay in an independent suit upon an indemnifying bond from the debtor, which does not by its terms protect the creditor seeking to compel such election. *Vance* v. *Roberts,* 86 *Ga.* 457 (3), 461 (12 S. E. 653); *Behn* v. *Young,* 21 *Ga.* 207 (2), 212; *Love* v. *Goodson,* 150 *Ga.* 46 (3)

(102 S. E. 429); *Moncrief Furnace Co.* v. *Northwest Atlanta Bank,* 193 *Ga.* 440 (4) (19 S. E. 2d, 155); *Hanesley* v. *National Park Bank,* 147 *Ga.* 96 (2), 100 (92 S. E. 879).

■ While it is true that a creditor of a decedent, in an equitable proceeding involving an insolvent estate, may contest the claim of another creditor if it is barred by the statute of limitations (*Pendley* v. *Powers,* 129 *Ga.* 69, 71, 58 S. E. 653), it is also true that, unless the bar appears on the face of the claim or the pleading setting it up, the burden of proving the bar falls on the creditor thus attacking the claim. *Stringer* v. *Stringer,* 93 *Ga.* 320 (2) (20 S. E. 242); *Brock* v. *Wildey,* 132 *Ga.* 19 (2), 23, 24 (63 S. E. 794); *Curtis* v. *College Park Lumber Co.,* 145 *Ga.* 601 (89 S. E. 680); *Smith* v. *Central of Ga. Ry. Co.,* 146 *Ga.* 59, 60 (90 S. E. 474); 34 Am. Jur. 352, § 450. Irrespective of what period of limitation would apply to the claim of the county officials for trust funds unaccounted for by the sheriff (see Code, § 3-709; *Grant* v. *Hart,* 192 *Ga.* 153, 156 (8), 163, 165, 14 S. E. 860, and cit.), the statute would in no event begin to run until such alleged fraud was discovered, or could have been discovered by the exercise of ordinary care and reasonable diligence. *U. S. Fidelity & Guaranty Co.* v. *Toombs County,* 187 *Ga.* 544 (7, a), 554, 555 (1 S. E. 2d, 411). See also *Reynolds* v. *Dorsey,* 188 *Ga.* 218, 221 (3 S. E. 2d, 564), and cit. While the contesting bank pleaded that "most or all of said claim [of the county officials] is barred by the statute of limitations," the burden was on the bank to prove such a bar, in the absence of anything on the face of the claim or pleading of the county so indicating. There being no such proof or admission in the statement of facts, this exception is without merit.

■ Nor did the judge err in awarding the fund in the registry of the court, after payment of costs and expenses, to the county officials, "to be applied, first to the payment of all taxes due the State upon tax executions found in [the decedent's] possession at the time of his death, with interest, and any balance thereof to be applied on the taxes due upon executions to the funds owing to the Board of Education of Chatham County, Georgia, and the County of Chatham," upon the bank's contentions that the State was barred because it had made no appearance on the petition for interpleader; and because the decree was too uncertain, in not awarding the particular amounts to be paid respectively to the State, the board of

education, and the county, and in not stating the rate of interest and when interest was to begin. There is no merit in the first contention, since the claim filed by the county officials was expressly made by them, as authorized officers in charge of county finances, "on behalf of the State of Georgia . . and Board of Education," as well as the county. As to the second contention, the tax claim of the county officials was for $1048.15 due to the State. $1951.02 due to the board of education, and $2926.63 due to the county. The amount paid by the administrator of the sheriff's estate into court was $1823.91, from which costs of administration and the costs and expenses of the interpleader proceeding were first deductible. Since there could in no event be any overplus available to the bank as an unsecured creditor of the decedent, it was not concerned in the division which the county officials as agents should make between the public instrumentalities, as their principals, in conformity with duties fixed by law, and it was unnecessary for the decree to so specify. Since the amount awarded was insufficient to pay the principal, the time when the legal rate of interest should begin was immaterial.

*Judgment affirmed. All the Justices concur.*